UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 06-10589

v.                                    District Judge Marianne O. Battani
                                    Magistrate Judge R. Steven Whalen


EDWIN D. WELLS,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a student loan case. Before the Court at this time is Defendant Edwin D. Wells' objection to a writ of garnishment [Docket #15]. For the reasons set forth below, I recommend that Defendant's objection be OVERRULED.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 2006, Plaintiff filed its Complaint, based on the Defendant's alleged non-payment of two student loans.[2] The Defendant was served with a Summons and

---

[1] Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

[2] The Complaint alleges the total principal and interest owing on the two loans to be $5,485.37. At oral argument, Plaintiff asserted that the current balance is $3,870.51.

Complaint on March 18, 2006 [Doc. #2], but has not filed an answer. Upon Plaintiff's request for Clerk's Entry of Default and Default Judgment [Docket #s 3 and 4], a default judgment in favor of Plaintiff, in the amount of $1,840.37, was entered [Docket #8].

On May 5, 2006, a writ of continuing garnishment issued as to Plaintiff Wells and the garnishee, the Michigan Department of Treasury [Doc. #18]. Plaintiff filed an objection and requested a hearing on the writ of garnishment on May 16, 2006 [Doc. #15].

A hearing on Defendant's motion to quash subpoena [Doc. #16] was set for July 18, 2006.[3] Defendant did not appear for that hearing. The Notice of Hearing did not indicate that the Defendant's objections to the writ of garnishment would be heard on that date. However, a careful review of the pleadings filed by both Plaintiff and Defendant convinces the Court that this matter may be disposed of without hearing and oral argument, pursuant to E.D. Mich. L.R. 7.1(e)(2).

## II.   ANALYSIS

A judgment debtor who contests a writ of garnishment bears the burden of showing he is entitled to an exemption. *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). In this case, the garnishee is the Michigan Department of Treasury; the subject of the garnishment would appear to be any State Income Tax refund owing to Defendant. In his objection, the Defendant states the following reason:

---

[3] On May 16, 2006, Defendant also filed a motion to quash a third-party subpoena directed at Chase Manhattan Mortgage Group [Doc. #16]. By separate order, the Court has denied that motion.

"This is my only source of income. I would like to make an arrangement of payments on a monthly basis, because of necessities of lively hood."

While the Court does not question Defendant's good intentions, he has simply failed to state any valid statutory basis for exemption.  Plaintiff is therefore entitled to the writ of garnishment at issue.

## III.    CONCLUSION

Accordingly, I recommend that Defendant's objections to garnishment [Doc. #15] be OVERRULED.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response

shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen_____
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 20, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 20, 2006.

S/G. Wilson_____
Judicial Assistant