**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

            Plaintiff,

v.                                                      Case No. 06-10589
                                                      HON. MARIANNE O. BATTANI

EDWIN D. WELLS,
            Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO QUASH**

**I.    INTRODUCTION**

Before the Court is Defendant's Motion to Quash Subpoena (Doc. #25). Defendant filed his Motion to Quash along with a "Report and Recommendation." The motion was filed in response to a July 19, 2006, order denying Defendant's Motion to Quash Records Subpoena directed to Chase Manhattan Mortgage Group, and a July 20, 2006, Report and Recommendation ("R&R") issued by Magistrate Judge R. Steven Whalen. On July 19, 2006, Magistrate Judge Whalen signed an order allowing Plaintiff to subpoena Wells's mortgage application from Chase Manhattan in order to discover any information leading toward assets and or employment that would satisfy its Default Judgment against Wells. The next day, Magistrate Judge Whalen also issued an R&R recommending that Wells's objection to a writ of garnishment be denied because he failed to state any valid statutory basis for exemption.

Because his current motion to quash asks for the same relief as the motion to quash that Magistrate Judge Whalen recommended the Court deny, the Court will treat Wells's motion as an objection to the Magistrate Judge's R&R, and as an objection to the July 19, 2006, Order Denying Defendant's Motion to Quash Records Subpoena.

## II. STATEMENT OF FACTS

Following two stints of military service, Edwin Wells took two student loans for his study at Bishop College and Western International University on November 27, 1972, and June 16, 1987, respectively. The loans were guaranteed under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 *et seq*. Defendant defaulted on the loans, and the balances of the promissory notes were accelerated. The holder of the promissory notes filed a claim with the Guarantor. The Guarantor paid the claim, and was reimbursed thereon by the U.S. Department of Education. When the Guarantor was unable to collect on the debt, it assigned its right and title to the loans to the Department of Education. Plaintiff sued to recover the loan amount on February 10, 2006. Wells was properly served on March 18, 2006. However, he failed to file an answer to the Complaint. As a result, the Court entered a Clerk's Entry of Default and a Judgment by Default against Wells on April 11, 2006. The Default Judgment was served on Wells, who failed to take any action. It was only when Plaintiff filed a Petition to Allow Records Subpoena seeking to obtain information from Chase Manhattan Mortgage Group, and a Writ of Garnishment for Defendant's state income tax refund, that he filed a response. After the petition to subpoena his mortgage application was filed, Wells requested a hearing and filed a motion to quash, alleging that he wanted to make payment arrangements with respect to this debt. However, Wells failed to appear at the hearing, and for reasons stated on the record, his Motion to Quash and objections to the garnishment were denied.

## III. STANDARD OF REVIEW

This Court may reconsider any pretrial matter "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72(a) (district court shall modify or set aside any portion of magistrate judge's order on a non-dispositive matter found to be clearly erroneous or contrary to law).

In cases where a Magistrate Judge has submitted a Report and Recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the Report and Recommendation to which the party objects. 28 U.S.C. § 636(b)(1). However, parties are required to make specific objections. "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988)(quoted by Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)). Thus, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509.

## III. ANALYSIS

Wells's first objection is in regard to the issuance of the records subpoena. He objects to the issuance of the subpoena because he is unsure of what information the United States seeks to gain from Chase Manhattan's records. The party seeking to quash a subpoena bears a heavy burden of proof. Irons v. Karceski, 74 F.3d 1262, 1264, 316(D.C. Cir. 1995). Further, as a general rule, a party has no standing to seek to quash a subpoena directed to a non-party. See, e.g., Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975)("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a

non-party witness."); Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979)(holding that absent a personal right or privilege with respect to the materials subpoenaed, a party does not have standing to quash a subpoena directed at to a third party.).

> In addition, Rule 45(c)(3) requires the district court, upon motion, to quash a subpoena if it: fails to allow a reasonable time for compliance; requires the disclosure of privileged or other protected matter; subjects a person to undue burden; requires the disclosure of trade secrets or other confidential commercial information; or requires the disclosure of an unretained expert's opinion.

9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2459 (2d ed. 2006) (footnotes omitted). Here, as identified in Plaintiff's petition that was served upon Wells, the subpoena is directed to Chase Manhattan Mortgage Group in an effort to discover information concerning Wells's employment and assets that will enable Plaintiff to collect on the Default Judgment. The information sought is not privileged, nor does Wells assert a claim of privilege. Further, Wells has not identified how the requested information subjects him to an undue burden. Accordingly, the Court finds that Defendant's Motion to Quash was properly denied.

Next, Wells objects to the writ of garnishment because he has a limited income, and believes that a payment arrangement can be made without garnishment. "A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C.A. § 3205(a). A judgment debtor that claims exemption from a writ of garnishment bears the burden of proving that he is entitled to the exemption. 28 U.S.C. § 3014(b)(2); U.S. v. Sawaf, 74 F.3d 119, 122 (6th Cir. 1996). Wells has offered no reason why the income subject to the writ is

exempt. Although the Court realizes that Wells faces economic difficulties, those difficulties do no provide a sufficient basis to exempt him from the writ.

Accordingly, the Court **AFFIRMS** Magistrate Judge Whalen's July 19, 2006, Order Denying Defendant's Motion to Quash Records Subpoena, and **ADOPTS** the Magistrate Judge's July 20, 2006, Report and Recommendation. **IT IS SO ORDERED** that Defendant's objections to the writ of garnishment are **HEREBY DENIED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED:    November 3, 2006

## CERTIFICATE OF SERVICE

Copies of this Order was served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK